UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASALLE BANK NATIONAL ASSOCIATION
AS TRUSTEE,

    Plaintiff/Counter-Defendant,

vs.                                                      Case No. 09-13526

RODERIC RAY and MATTIE RAY,

    Defendants/Counter-Plaintiffs                  HON. AVERN COHN
_____/

RODERIC RAY and MATTIE RAY,

    Third Party Plaintiffs,

vs.

HOME LOAN SERVICES, INC.,

    Third Party Defendant
_____/

**ORDER DENYING DEFENDANTS/THIRD PARTY PLAINTIFFS REQUEST FOR
RULE 54(b) CERTIFICATION (Doc. 27)[1]**

I.  Introduction

This is one of an increasing number of cases spawned from the collapse of the housing market.  In 2006, Roderick and Mattie Ray borrowed $175,000.00 from First Franklin Financial Corporation ("First Franklin"), a division of National City Bank, to purchase a home in Detroit.  The loan was secured by a mortgage.  After the Rays

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

defaulted on the loan, Home Loan Services, Inc. ("HLS"), the servicer of the loan, foreclosed on the property.  LaSalle Bank National Association ("LaSalle") purchased the property at the sheriff's sale.  After the six month redemption period expired, LaSalle initiated eviction proceedings against the Rays in 36th District Court.  In response, the Rays filed a counterclaim in the 36th District Court against LaSalle and a third-party complaint against HLS, presenting several claims under state and federal law.  LaSalle and HLS removed the case to federal court on the grounds of diversity and federal question jurisdiction.  LaSalle and HLS then filed a motion for summary judgment on the Rays' counterclaim/third-party complaint.  The Court granted the motion.  See Order filed February 9, 2011.  Doc. 23.  As a result of this decision, only LaSalle and HLS's complaint for eviction remains.[2]  The Rays filed a notice of appeal.  Doc. 24.  Because the Court's decision was not a final order, the Court of Appeals for the Sixth Circuit directed the Rays to show cause why their appeal should not be dismissed.

Before the Court is the Ray's request under Fed. R. Civ. P. 54(b), asking for a certification to permit them to appeal the Court's decision dismissing their counterclaim/third party complaint.  For the reasons that follow, the motion is DENIED.

---

[2]In the order dismissing the Ray's counterclaim/third-party complaint, the Court asked LaSalle and HLS to advise the Court of the status of the case, including the necessary steps to bring this matter to a close.  In response, LaSalle and HLS filed response in which they requested 21 days in which to file a motion for judgment of possession and order of eviction.  LaSalle and HLS appear to believe that their request is pending; it is not.  The Court did not treat LaSalle and HLS's "request" as a motion requiring specific Court action.  In any event, to the extent LaSalle and HLS seek permission to file a motion for judgment of possession and order of eviction, it is GRANTED.

II.

A.

Rule 54(b) allows immediate review of certain district court orders before entry of final judgment as to all matters in dispute.  Fed. R. Civ. P. 54(b); see, e.g., Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 3 (1980).  "Although Rule 54(b) relaxes the traditional finality requirement for appellate review, it does not tolerate immediate appeal of every action taken by a district court."  Gen. Acquisition v. Gencorp, Inc., 23 F.3d 1022, 1026 (6th Cir. 1994).  The rule is, though, "designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action."  Id. at 1027.

The rule is reserved for the "infrequent harsh case," Rudd Constr. Equip. Co., Inc. v. Home Ins. Co., 711 F.2d 54, 56 (6th Cir. 1983); see also Elliott Co. v. Liberty Mut. Ins. Co., No. 1:05 CV 1387, 2007 WL 987318, *4 (N.D .Ohio Apr. 2, 2007), and is "not to be used routinely or as a courtesy or accommodation to counsel."  Manor Care, Inc. v. First Specialty Ins. Corp., No. 3:03 CV 7186, 2006 WL 3097193, *1 (N.D. Ohio Oct. 30, 2006).  Ultimately, the district court has discretion whether to certify a claim for immediate appeal.  Schemmer v. ChartONE, Inc., No. 1:05 CV 02923, 2007 WL 2344751, *1 (N.D. Ohio Aug. 15, 2007).

Rule 54(b) certification involves a two-step inquiry.  Gencorp, Inc. v. Olin Corp., 390 F.3d 433, 442 (6th Cir. 2004).  First, the court's decision must represent its final judgment with regard to one of the party's claims.  Curtiss-Wright, supra, 466 U.S. at 7.  This requirement is satisfied based on the Court's ruling dismissing the Ray's counterclaim/third-party complaint.

Second, a count "must determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and a court must spell out the reasons for concluding that prompt review is preferable." Gencorp, supra, 390 F.3d at 442. The Sixth Circuit has a non-exhaustive list of factors to consider in making a Rule 54(b) determination:

> 1) the relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might or might not be mooted by future developments in the district court; 3) the possibility that the reviewing court might be obliged to consider the same issue a second time; 4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; 5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Akers v. Alvey, 338 F.3d 491, 495 (6th Cir. 2003) (quoting Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc., 807 F.2d 1279, 1283 (6th Cir. 1986)).

B.

As an initial matter, the Rays have has failed to provide sufficient rationale upon which the Court could predicate an appropriate ruling inasmuch as they do not address any of the factors in the Rule 54(b) analysis. Moreover, the Rays erroneously say that "all claims" were adjudicated by the Court's February 9, 2011 order. As noted above, LaSalle and HLS's eviction complaint is pending and they are prepared to move forward on it.

The interests of judicial economy and need to avoid piecemeal litigation militate against a final judgment certification at this time. The remaining claims for judgment of possession and order of eviction arise out of the same operative events as the Ray's claims. There is no just cause for delaying final resolution of the case to allow an

interlocutory appeal.  As LaSalle and HLS point out, there is a possibility that the appellate court would have to revisit the same facts relating to the foreclosure under different theory in a second appeal.  Overall, the better course is to rule upon the eviction proceedings after which the Court can enter a final judgment which will resolve all claims in the case.

      SO ORDERED.

       S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated:  March 29, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 29, 2011, by electronic and/or ordinary mail.

       S/Julie Owens
      Case Manager, (313) 234-5160